*J. W. Kincheloe, T. E. Crutcher, for appellant.*

*Sweeney & Stuart, for appellees.*

———

D. M. FLOURNOY v. FIELDS MORRIS, ETC.

**Judgment—Court has no Power to Set Aside at Subsequent Term.**
No appeal was prosecuted from the judgment, and it was not within the power of Circuit Court, at a subsequent term, to set it aside, nor to refuse to permit it to be enforced according to its spirit.

**Judicial Sale—Proceeds Cannot be Diverted.**
The proceeds of a judicial sale cannot be diverted from its adjudged destination.

**Same—Failure of Purchaser to Give Bond.**
The creditor and not the debtor is the party to except to report of sale on account of the failure of the purchaser to execute a sale bond.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

OPINION OF THE COURT BY JUDGE LINDSAY:

Mrs. Carrie Flournoy was before the court by service of process and had filed her answer asserting claim to the house and lot conveyed to her by her father, prior to the rendition of the judgment of May 6, 1868.

By that judgment it was determined that her right to the property in question was subordinate to that of her husband's creditors. The house and lot were decreed to be sold, and the proceeds of the sale, or so much thereof as might be necessary, applied to the payment of the debts due and owing from her husband to these appellees.

It is not necessary for us to determine whether or not the court erred in failing to set apart to her one thousand dollars, the value of the homestead the husband might have retained as against those appellees, in case he had not conveyed the property to his wife's father. No appeal was prosecuted from such judgment, and it was not within the power of the circuit court, at a subsequent term, to set it aside, nor to refuse to permit it to be enforced according to its spirit.

Appellants, therefore, were not prejudiced by the refusal of the circuit court to permit their supplemental petitions to be filed. Under the judgment of May 6, 1868, appellees were entitled to have their debts paid out of the proceeds of the sale of the house and lot, and as that judgment could not be vacated except for some one of the reasons or causes enumerated in section 579 of the Civil Code, neither could the proceeds arising from such sale, or any part thereof, be diverted from their adjudged destination, and applied to the use of one or both of these appellants.

There is no exception made to the commissioner's report because of the fact that the sale was made on a credit of six months instead of six and twelve months as directed by the judgment. This informality must therefore be regarded as having been waived.

The exception based upon the fact that the purchasers had not given bond was properly overruled. It was the appellees and not the appellants who were interested in this matter.

Judgment *affirmed*.

*J. Campbell, for appellant.*

*Bigger & Moss, J. W. Hopkins, for appellees.*